See 20110504-0034344
1st mtg

See 20110711-0053050
2nd mtg

BILL GARRETT, Davidson County
Trans:T20120057797 DOT
Recvd: 09/10/12 14:42  5 pgs
Fees:27.00 Taxes:0.00

20120910-0081986

This Instrument Prepared By:
Marcy E. Shelton
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
P. O. Box 198888
Nashville, TN 37219-8888

Maximum Principal Indebtedness
for Tennessee recording tax
purposes is $0.00.

## REAFFIRMATION AND REINSTATEMENT OF REAL ESTATE DEEDS OF TRUST

THIS REAFFIRMATION AND REINSTATEMENT OF REAL ESTATE DEEDS OF TRUST is made and entered into by and between **BANCORPSOUTH BANK** (the "Lender") and **HOME EQUITY ASSET PARTNERS, LLC**, a Delaware limited liability company ("Borrower").

WHEREAS, Lender extended to Borrower certain indebtedness evidenced and secured by the following:

(a) Promissory Note dated April 29, 2011 in the original principal amount of $480,000.00 executed by Borrower to Lender (the "$480,000.00 Note");

(b) Promissory Note dated July 7, 2011 in the original principal amount of $487,000.00 executed by Borrower to Lender as renewed and amended on February 21, 2012 and as further amended and increased by $668,000.00 for a total principal amount of $1,155,000.00 on June 14, 2012 (the "$1,155,000.00 Note") (The $480,000.00 Note and the $1,155,000.00 Note being sometimes collectively referred to herein as the "Notes");

(c) Real Estate Deed of Trust (with Future Advance Clause) executed on April 29, 2011 by Andrew Jacobson conveying property known as 6261 Hillsboro Pike, Nashville, Tennessee (the "Property") to Jerry P. Spore, Trustee, securing the obligations arising under the $480,000.00 Note of record as Instrument Number 20110504-0034344, Register's Office for Davidson County, Tennessee (the "$480,000.00 Deed of Trust");   *First mtg*

(d) Real Estate Deed of Trust executed on July 7, 2011 by Borrower securing the obligations arising under the $1,155,000.00 Note of record as Instrument Number 20110711-0053050, Register's Office for Davidson County, Tennessee, conveying the Property to Jerry P. Spore, Trustee, as modified and amended by that Modification and Amendment No. 1 to Increase Closed End Deed of Trust executed by Borrower and Lender on June 14, 2012 of record as Instrument Number 20120626-0055765, Register's Office for Davidson County, Tennessee (the "$1,155,000.00 Deed of Trust") (the $480,000.00 Deed of Trust and the $1,155,000.00 Deed of Trust being collectively referred to herein as the "Deeds of Trust")  *Modified*

-499171.1/2012730

(the foregoing Notes, Deeds of Trust, any additional documents evidencing, securing, or guaranteeing the foregoing, and all extensions, renewals and modifications thereof, being sometimes herein collectively called the "Loan Documents");

WHEREAS, on May 2, 2011, with the knowledge, consent and approval of the Lender, Andrew Jacobson executed a quitclaim deed conveying the Property to Borrower of record as Instrument Number 20110519-0038304, Register's Office for Davidson County, Tennessee;

WHEREAS, on July 17, 2012, Lender learned that Borrower had transferred the Property to Kelly Land, Trustee of the Ayleworth Estate Living Trust Agreement Dated October 8, 2010 (the "Ayleworth Trust") pursuant to a quitclaim deed of record as Instrument 20120130-0008193, Register's Office for Davidson County, Tennessee, without the knowledge, consent or approval of Lender, which transfer constituted an event of default under the Loan Documents;

WHEREAS, on July 17, 2012, Lender also learned that on January 26, 2012 the Ayleworth Trust had executed a Deed of Trust conveying the Property to Mark C. Carver, Trustee, for the benefit of Kirk Leipzig and Borrower to secure an indebtedness in the principal amount of $400,000.00 (the "$400,000.00 Deed of Trust"), which also constituted an event of default under the Loan Documents;

WHEREAS, pursuant to the terms of the Loan Documents, Lender accelerated the indebtedness evidenced by the Notes and exercised its option to declare all sums immediately due and payable in full;

WHEREAS, Borrower requested Lender to reconsider its decision to accelerate the indebtedness arising under the Notes and to reinstate the terms of the Notes and the Loan Documents;

WHEREAS, as Ayleworth Trust has executed a quitclaim deed transferring title to the Property back to Borrower, Borrower has obtained a full release of the $400,000.00 Deed of Trust, and Borrower has agreed to reaffirm and reinstate the liens of the $480,000.00 Deed of Trust and the $1,155,000.00 Deed of Trust for Lender's benefit, Lender has agreed to decelerate the indebtedness arising under the Notes and to temporarily forbear from exercising its remedies for the current events of default, pursuant to the terms and conditions set forth below.

NOW, THEREFORE, for and in consideration of the mutual covenants contained herein and set forth above, the benefit to Borrower thereby, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Borrower warrants, represents and agrees that: (i) Borrower is lawfully seized and possessed of the Property in fee simple and the same is unencumbered, except as otherwise set out in the Deeds of Trust; all the recitals in this Agreement are true and correct in all respects; (ii) pursuant to the Loan Documents, the Borrower is indebted to Lender for all indebtedness by the Notes without setoff, recoupment, counterclaim, deduction or defense; (iii) the Loan Documents are valid and enforceable in accordance with their respective terms; and (iv) the outstanding principal balance under the $480,000.00 Note as of September 30, 2012 is **FOUR HUNDRED EIGHTY-FOUR THOUSAND NINE HUNDRED AND EIGHTY-FOUR AND**

**NO/100 DOLLARS ($484,984.00)** and the outstanding principal balance under the $1,155,000.00 Note as of September 30, 2012 of this Agreement is **SIX HUNDRED THIRTY-TWO THOUSAND FIVE HUNDRED FORTY-SIX AND 57/100 DOLLARS ($632,546.57).**

2. The Notes shall continue in full force and effect in accordance with their respective terms. Provided there is no other default under this Agreement or under the Loan Documents, Lender shall make future advances under the $1,155,000.00 Note in accordance with its terms and respective Loan Documents.

3. Borrower acknowledges and agrees that the liens created by the Loan Documents are duly perfected and fully enforceable against the Property, and the $480,000.00 Deed of Trust and the $1,155,000.00 Deed of Trust respectively constitute first and second priority security interests and liens against the Property. Immediately upon execution of this Agreement, Borrower, at its expense, shall cause the quitclaim deed from the Ayleworth Trust and the full release of the $400,000.00 Deed of Trust to be executed and recorded in the Davidson County Register of Deeds' Office.

4. Together with the execution hereof, Borrower shall pay all costs and expenses, including but not limited to, the cost of Lender's legal representation in connection herewith, the cost of recording this instrument, the cost of endorsements to Lender's title policies, and all other costs incurred by Lender to protect or perfect Lender's rights and interests pursuant to the Loan Documents.

5. The Loan Documents are legal, valid and binding obligations of the Borrower, fully enforceable against Borrower in accordance with their terms and Borrower has no claim, demand or right of setoff against Lender, or any other party arising out of or with respect to any of the Loan Documents, or the indebtedness evidenced thereby.

6. The Loan Documents are hereby amended to the extent necessary to conform to the foregoing, but no further or otherwise. The Loan Documents shall continue in full force and effect, amended only as specifically stated herein. In the event of any future event of default in any provision of the Loan Documents, the provisions of said instruments and documents making the whole of the indebtedness evidenced and secured due and payable shall be, and continue to be, in full force and effect, and Lender reserves all of its rights, remedies and privileges provided in the Loan Documents. This Amendment does not constitute a novation of any of the Loan Documents.

7. Borrower shall execute and deliver to Lender such instruments and documents as Lender may from time to time reasonably require, and shall take such actions as Lender may from time to time reasonably require to carry out the provisions contained herein and to assure the full realization by Lender of the benefit of the Loan Documents, and the security given thereunder.

8. This Agreement is severable such that the invalidity or unenforceability of any provision hereof shall not impair the validity or enforceability of the remaining provisions. This instrument shall be binding upon the parties hereto, their successors and assigns. This instrument shall be governed in accordance with the laws of the State of Tennessee, except with respect to

applicable laws or regulations of the United States of America governing the charging or receiving of interest.

**IN WITNESS WHEREOF,** this instrument is executed on the dates set forth below.

BORROWER:

HOME EQUITY ASSET PARTNERS, LLC,
a Delaware limited liability company

By: _____
KIRK LEIPZIG,
MANAGING MEMBER

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON )

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, KIRK LEIPZIG, with whom I am personally acquainted, and who acknowledged that he/she executed the within instrument for the purposes therein contained, and who further acknowledged that he/she is the MANAGING MEMBER of the maker or a constituent of the maker and is authorized by the maker or by its constituent, the constituent being authorized by the maker, to execute this instrument on behalf of the maker.

WITNESS my hand, at office, this 10 day of September, 2012.

_____
Notary Public

My Commission Expires: _____

[Notary Seal: MARCY E. SHELTON, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY, My Commission Expires September 2, 2013]

499171.1/2012730

EXHIBIT 12:000004

**LENDER:**

**BANCORPSOUTH BANK**

By: _____
Greg T. Irvin, Senior Vice President

STATE OF TENNESSEE )
COUNTY OF Williamson )

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, **GREG T. IRVIN**, with whom I am personally acquainted, and who acknowledged that he executed the within instrument for the purposes therein contained, and who further acknowledged that he is the **SENIOR VICE PRESIDENT**, of the maker or a constituent of the maker and is authorized by the maker or by its constituent, the constituent being authorized by the maker, to execute this instrument on behalf of the maker.

WITNESS my hand, at office, this 10th day of September, 2012.

_____
Notary Public

My Commission Expires: _____

[Notary Seal: MARCY E. SHELTON, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY, My Commission Expires September 8, 2013]