IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Anarion Investments LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:14cv-00012 |
| ) | Judge Trauger |
| ) | Magistrate Judge Bryant |
| v. ) | |
| ) | |
| Carrington Mortgage Services, LLC; ) | |
| Brock & Scott, PLLC; Christiana Trust; ) | |
| Leipzig Living Trust, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants, Carrington Mortgage Services, LLC ("Carrington"), Brock & Scott, PLLC ("Brock & Scott") and Christiana Trust, A Division of Wilmington Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-17, ("Christiana Trust" and together with Carrington and Brock & Scott, "Answering Defendants")[1], by and through counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), respectfully submit this Memorandum of Law in support of their Motion to Dismiss the First Amended Complaint (the "Amended Complaint") filed by Plaintiff, Anarion Investments, LLC ("Plaintiff"). Answering Defendants respectfully request an order of this Court dismissing all of the causes of action against them because (i) the Court lacks subject matter jurisdiction to adjudicate this matter and (ii) the Amended Complaint fails to state a claim upon which relief may be granted.

---

[1] The Leipzig Living Trust does not join in the present Motion, nor is it represented by undersigned counsel. The Court can take notice of the fact that on February 10, 2014 Anarion Investments, LLC filed an involuntary Chapter 11 bankruptcy petition against the Leipzig Living Trust, case number 14-00953, Middle District of Tennessee.

Additionally, the Answering Defendants request their reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) for having to defend this action.

## I. Background

While Plaintiff is permitted to amend its complaint once as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1), the Amended Complaint fails to state a claim and should be dismissed. It is largely a repackaging of Plaintiff's baseless claims made in its original Complaint.[2]  On page 1, it states that this "case is about many things".  Nothing could be further from the truth. While the Plaintiff attempts to weave an elaborate story full of allegations of deception, fraud and the like, the Court can easily dispose of this matter on jurisdictional grounds.  The Amended Complaint attempts to assert this Court's federal question jurisdiction under 28 U.S.C. § 1331. The sole federal claim made is under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*[3]

In its Amended Complaint, Plaintiff asserts an assortment of claims against the Answering Defendants deriving from the initiation of foreclosure proceedings on a property located at 9569 Hampton Reserve Drive, Brentwood, TN 37027 (the "Property").  As stated by Plaintiff, this Property is encumbered by a deed of trust (the "Deed of Trust") and promissory note, executed by Kirk Leipzig ("Leipzig") as the borrower.  The Deed of Trust is of record in

---

[2] The Answering Defendants filed a motion to dismiss the original Complaint and supporting memorandum on January 27, 2014, which can be found at docket nos. 6 and 7.  In the original Complaint Plaintiff purported to assert claims under various other federal consumer statutes, such as the Real Estate Settlement Procedures Act and the Truth in Lending Act.  It appears that the Plaintiff has since abandoned those claims, as none are specifically plead; however, it makes passing reference to these statutes throughout the body of the Amended Complaint.  For a more complete discussion of why these claims fail under Federal Rule of Civil Procedure 12(b)(6), the Court can review the memorandum of law filed at docket no. 7.  Plaintiff's references to the Protecting Tenants at Foreclosure Act are also unripe as no foreclosure of the subject property has occurred.

[3] Plaintiff attempts to assert federal question jurisdiction under the Declaratory Judgment Act, but as discussed *infra* this remedial statute does not independently grant federal jurisdiction.

the Williamson County Register of Deeds office. Am. Compl. ¶ 11. Subsequently, Leipzig quitclaimed the Property to the Leipzig Living Trust, also a defendant in this action. Am. Compl. ¶ 10. Christiana Trust is the holder of the note and beneficiary under the Deed of Trust.

Plaintiff appears to assert an interest in the Property through a series of events or documents, occurring subsequent to the execution and recording of the Deed of Trust, that can be summarized as follows: i) a lease agreement (which is not attached to the Complaint) between the Leipzig Living Trust and an unidentified party, which allegedly contained a "purchase option" (Am. Compl. ¶ 13) ; ii) a "Memorandum of Lease and Option to Purchase; Notice of Tenant Occupancy Subject to, Inter Alia, Section 1484 of the Dodd-Frank Wall Street Reform and Consumer Protection Act (H.R. 4173)" which is signed only by Scott Johannessen ("Johannessen")[4]; iii) the purported exercise of such purchase option by an unidentified party (Am. Compl. ¶ 15); and iv) a "Notice of Exercise of Purchase Option", also signed only by Johannessen.

## II.  Legal Argument

### A. The Court lacks subject-matter jurisdiction to adjudicate this action.

This Court should dismiss all of the Complaint's causes of action against the Answering Defendants for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In the Complaint, Plaintiff attempts to invoke the subject-matter jurisdiction of this Court on federal question grounds under 28 U.S.C. § 1331. Only Count I (Fair Debt Collection Practices Act) involves a claim arising under the laws of the United States. As discussed *infra*, the Plaintiff wholly lacks standing to proceed under this statute. As such, it has failed to state a claim and these causes of action should be dismissed pursuant to both Federal Rules of Civil Procedure

---

[4] Scott Johannessen is also Plaintiff's counsel in this action.

12(b)(1) and (6). Because these claims fail, the Court should decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining claims, which do not involve federal questions.

Even after the dismissal of federal claims, a district court is granted broad discretion to decide whether to exercise jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a). *Gamel v. City of Cincinnati*, 625 F3d 949, 951 (6th Cir. 2010). However, in making this determination, a district court "should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity'". *Id.* at 951 (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1988)). When all federal claims are dismissed before trial, "the balance of considerations usually will point to dismissing the state law claims". *Musson Theatrical, Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1254-55 (6th Cir.1996).

As discussed *infra*, the federal claim in this action does not survive even the most lenient jurisdictional test as the Plaintiff has completely failed to establish its standing to proceed. Its federal claim is so implausible, that the only logical conclusion is that they were brought solely for the manipulative reason of extending supplemental jurisdiction to the Court. All of the *Carnegie-Mellon* factors weigh heavily in favor of dismissing the state law claims as this matter is still in its infancy and the parties have not engaged in any litigation beyond the initial pleadings.

### B. The Complaint fails to state a claim upon which relief can be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a District Court should dismiss a cause of action that fails to state a claim upon which relief can be granted. The Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing on the record of the case, and exhibits attached to the complaint may be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether

4

to grant a Rule 12(b)(6) motion . . . items appearing in the record of the case . . . may be taken into account"); *see also Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997).

In evaluating a Rule 12(b)(6) motion, a court should take all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences from those allegations in plaintiff's favor. *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

This Court may grant a motion to dismiss pursuant to Rule 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In considering a motion to dismiss, the Court must treat all well-pleaded allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Plaintiff brings five counts: (1) Violation of the Federal Fair Debt Collection Practices Act; (2) Violation of the Federal and State Uniform Fraudulent Transfer Act; Fraud and Misrepresentation; Conspiracy to Commit Fraud (3) Libel/Disparagement of Title and Quiet Title to Real Property; (4) Declaratory Judgment; and (5) Temporary and Permanent Injunction.

All five causes of action are ripe for dismissal, for the reasons stated below. The count that involves a federal question is addressed first.

1. Violation of the Federal Fair Debt Collection Practices Act

The Amended Complaint has failed to state a claim under the FDCPA for the simple reason that the Plaintiff, Anarion Investments, LLC, a corporate entity, is not a "consumer", nor is it a "person" that would be entitled to maintain an FDCPA claim. The Plaintiff is correct that a consumer is "any natural person obligated or allegedly obligated to pay any debt". Am. Compl. ¶; 15 U.S.C. § 1692a(3). The Plaintiff then alleges that "Leipzig is a consumer under the FDCPA". Am. Compl. ¶ 30. However, Plaintiff <u>does not allege that it is a consumer</u> under the FDCPA, and for this simple reason, it has failed to state a claim.

In its response to the First Motion to Dismiss, Plaintiff claims that "the application of the FDCPA's prohibitions and the civil liability occasioned thereby are not limited to 'consumers' alone". (Response p. 8). This is simply not true as a proper FDCPA plaintiff must always be included within the definition of a "consumer". It appears that the Plaintiff is attempting to make the same argument as the plaintiffs in *Dunham v. Portfolio Recovery Associates, LLC*, 663 F.3d 997 (8th Cir. 2011), i.e., it need not be a "consumer" in the sense that it "owes a debt" to assert an FDCPA claim. In *Dunham*, the plaintiff asserted that it was a "consumer" within the meaning of the FDCPA where it had been mistakenly pursued by a debt collector. The Court agreed with the plaintiff and held that "we read § 1692a(3) to include <u>individuals</u> who are mistakenly dunned by debt collectors". *Dunham* at 1002 (emphasis added). The present case is clearly distinguishable as the Plaintiff is an LLC, not an individual. Absent a specific statutory definition including corporate entities within the definition of "person", a person is a natural person. The FDCPA has no such expansive definition. The Plaintiff fails to cite any support for its novel theory that a

corporate entity can bring an FDCPA claim. The rest of its allegations regarding the characterization of the debt as a consumer debt and whether any of the Answering Defendants are "debt collectors" under the FDCPA are moot.

Because the claim that involves a federal question should be dismissed as discussed *supra*, the Court should decline jurisdiction to hear the remaining state law claims. Alternatively, the remaining claims should also be dismissed with prejudice for failure to state a claim.

> 2. <u>Violation of the Federal and State Uniform Fraudulent Transfer Act; Fraud and Misrepresentation</u>

Beginning at paragraph 112 of the Amended Complaint, Plaintiff asserts a theory of recovery pursuant to the Tennessee Uniform Fraudulent Transfer Act, T.C.A. § 66-3-301 ("TUFTA")[5]. It proceeds with a litany of asserted facts regarding various Ponzi schemes allegedly perpetrated by Kirk Leipzig, individually, not named in this case. Am. Compl. ¶¶ 121-143. The Answering Defendants are simply at a loss as to how any of this relates to the claims they find themselves defending because, as is clear from the Amended Complaint, no Answering Defendant ever engaged in any transaction with the Plaintiff. It appears that Leipzig is the party with whom Plaintiff has the quarrel, yet he is not named as a defendant. The mortgage loan of March 14, 2008 referred to by Plaintiff in paragraph 11 is the only transaction in which any of the Answering Defendants were involved. All of Plaintiff's factual allegations occur after that time. The Plaintiff fails to allege that it is a "creditor" of any of the Answering Defendants as

---

[5] Plaintiff purports to allege in the heading of this section a violation of the "Federal Uniform Fraudulent Transfer Act"; however, the Uniform Fraudulent Transfer Act is a "uniform act" adopted by the Uniform Law Commission for the purpose of adoption by states. It has not been enacted into federal law by the U.S. Congress.

7

defined by T.C.A. § 66-3-302 . Accordingly, it would not have a remedy as to the Answering Defendants and these claims must fail.

Under Tennessee law, the elements of fraud are: "(1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) plaintiff suffered damages as a result of the misrepresentation." *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008); *see also Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 526 (6th Cir. 2007). Pursuant to Federal Rule of Civil Procedure Rule 9(b), a plaintiff must specifically plead facts showing that a false statement was made by Defendants, including the time, place, and content of the alleged statement, how Plaintiff relied upon the statement, and the injury allegedly resulting therefrom. *See Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

Alleged representations by multiple defendants must be distinguished; and, if they are not, the complaint is inadequate on its face. *In re Envoy Corp. Sec. Litig.*, 133 F. Supp. 2d 647, 659 (M.D. Tenn. 2001); *Benoay v. Decker*, 517 F. Supp. 490 (E.D. Mich. 1981), *aff'd* 735 F.2d 1363 (6th Cir. 1984). To satisfy Rule 9(b), a plaintiff must plead specific facts showing the who, what, when, and where for any allegations involving fraudulent conduct. *United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 518 (6th Cir. 2009); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). Under Tennessee substantive law, the party alleging fraud bears the burden of proving every necessary and material element of fraud. *Hiller v. Hailey*, 915 S.W.2d 800, 803 (Tenn. Ct. App. 1995) (quoting *Williams v. Spinks*, 7 Tenn. App. 488 (1928)). "Fraud is never presumed; and where it is alleged the facts sustaining it must be

clearly made out." *Id.* (quoting *Bevins v. Livesay*, 32 Tenn. App. 1, 221 S.W.2d 106, 109 (1949)). Here, for a complete failure to do so, dismissal is proper.

The Amended Complaint completely fails to distinguish the alleged misrepresentations among the multiple Answering Defendants. All named defendants, with the exception of the Leipzig Living Trust, are collectively referred to as the "Foreclosing Entities" throughout the Amended Complaint. In the rare instances where the actions of an individual Answering Defendant are discussed, the alleged fraud or misrepresentation is not described with enough particularity to survive this Motion to Dismiss (or they are made as to the Leipzig Living Trust, which does not join in this Motion). For example:

    a. "Carrington falsely represented to plaintiff that BANA was the lawful holder of the Mortgage Loan when, in fact, Christiana Trust was the purported holder of the Mortgage Loan . . ." Am. Compl. ¶¶ 56-58. Even if taken as true, Plaintiff has not shown how it relied on the statement to its detriment. In paragraph 146, it makes a broad assertion of such reliance but that is insufficient to withstand the heightened requirements of Federal Rule of Civil Procedure 9(b).

    b. "Carrington concealed the Mortgage Assignment from plaintiff . . . and falsely represented to plaintiff that BANA was the holder of the Mortgage Loan, when BANA was not, and that Carrington was authorized to sell the Promissory Note to plaintiff" Am. Compl. ¶¶ 62-64. Again, the broad assertion of reliance is insufficient, making dismissal proper.

3.    <u>Libel/Disparagement of Title and Quiet Title to Real Property</u>

To establish a claim for slander or libel of title, a plaintiff must show "(1) that it has an interest in the property, (2) that the defendant published false statements about the title to the property, (3) that the defendant was acting maliciously, and (4) that the false statements proximately caused the plaintiff accumulative loss." *Brooks v Lambert*, 15 S.W. 3d 482, 484 (Tenn. Ct. App. 1999) (quotations omitted). Allegations of malice must be stated "in express terms or [by] any such showing of facts as would give rise to the reasonable inference" that defendant acted with malice. *Waterhouse v. McPheeters*, 145 S.W.2d 766, 767 (Tenn. 1940).

Plaintiff has failed to show that it has any interest in the Property. Plaintiff points to a series of recorded documents signed only by Johannessen as evidencing its rights to the Property. These recorded documents do not show any recognizable interest in Plaintiff to the Property. Plaintiff alleges it is the tenant under a five-year lease and that it has exercised a purchase option on the Property. Complaint ¶¶ 14-18. However, T.C.A.§ 66-7-101 requires that "[l]eases for more than three (3) years shall be in writing, and, to be valid against any person other than the lessor, the lessor's heirs and devisees, and persons having actual notice thereof, shall be proved and registered as provided in chapters 22-24 of this title". In addition, Tennessee's Statute of Frauds requires any leasehold interest exceeding one year or any contract for the sale of land, which would include the purchase option, to be "in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party." T.C.A. § 29-2-101. The recordings are not signed by Leipzig Living Trust and thus are of no effect.

Additionally, Plaintiff has failed to plausibly allege that any false statements regarding the Property were published by the Answering Defendants. The Plaintiff refers to false statements as they relate to "ownership of the Mortgage Loan, the right and standing to engage in debt collection efforts . . . procedural and substantive rights and standing to foreclose on the

10

Hampton Reserve Property". Am. Compl. ¶ 151. These appear to be generally the same allegations made by Plaintiff as part of its fraud claim; however, no specific publication is referenced by the Plaintiff. Nor has Plaintiff alleged how these statements have caused it damage. Plaintiff asks for $750,000 in compensatory and consequential damages (the same amount it seeks under the previous two claims) but the Amended Complaint is totally devoid of any connection between the allegedly false statements and these damages.

4. Declaratory Judgment

Plaintiff's asserted claim under the Declaratory Judgment Act (the "DJA"), 28 U.S.C. § 2201, is also without any merit. The DJA "creates a federal remedy, but is not itself a basis for federal jurisdiction". *National Union Fire Ins. Co. of Pittsburg, PA v. ESI Ergonomic Solutions, LLC*, 342 F.Supp.2d 853, 861 (D.Ariz.2004). Before declaratory relief may be granted, federal subject matter jurisdiction requirements must be satisfied. *Id*. Because the Plaintiff has failed to establish this Court's jurisdiction under 28 U.S.C. § 1331, it is unable to assert any claims under the DJA.

5. Temporary and Permanent Injunction

There is no fact alleged in the section found at paragraphs 173-177 of the Amended Complaint. The relief sought is general in nature. It is alleged that the Plaintiff will "continue to suffer" unless the "wrongful conduct, e.g., their [Answering Defendants] foreclosure and unlawful debt collection practices" are restrained and enjoined. Am. Compl. ¶ 174. It is unclear how the Plaintiff will continue to suffer. As has been shown *supra*, the Answering Defendants have not engaged in debt collection activities that would impact the Plaintiff. It is also unclear how or through what standing Plaintiff seeks to enjoin any pending foreclosure. It is by its own

11

admission, a corporate entity that may have a leasehold interest in the Property, arising subsequent to the Deed of Trust.

To the extent Plaintiff would like a temporary restraining order, its remedy is found in Fed R. Civ. Pro. 65(b). However, Plaintiff has taken no steps to satisfy the requirements of this Rule. To the extent it would like a preliminary injunction, that is an "extraordinary and drastic remedy" which is not to be granted unless the movant clearly demonstrates "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that, if issued, the injunction would not be adverse to the public interest". *Wyner v. Struhs*, 254 F.Supp.2d 1297, 1300 (S.D.Fla.2003) (<u>reversed</u> on other grounds). As Plaintiff has not shown a substantial likelihood of success on the merits, the other factors need not be addressed.

## III.    The Court Should Award Attorney's Fees to the Answering Defendants

Pursuant to 15 U.S.C. § 1692k(a)(3), the Court should award to the Answering Defendants their reasonable attorney's fees for having to defend this action as the only conclusion is that it has been brought in bad faith and for the purpose of harassment. Plaintiff does not present even a "minimally colorable argument" that a corporate entity can prosecute an FDCPA claim. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007).

## <u>CONCLUSION</u>

For the reasons discussed *supra*, dismissal is proper. The Plaintiff is unable to establish the subject matter jurisdiction of this Court for its Federal law claim. It clearly lacks any standing to sue under the FDCPA. The Court should decline supplemental jurisdiction of the remaining state law claims as this lawsuit is in its infancy, or in the alternative, dismiss them for

failure to state any cognizable claim.  It is for these reasons that Answering Defendants request the Court dismiss this action with prejudice.

Respectfully submitted this  19th  day of February, 2014.

BROCK & SCOTT, PLLC

By: */s/ Nicholas H. Adler*
Nicholas H. Adler, #023469
277 Mallory Station Rd, Suite 115
Nashville, TN 37067
(615) 550-7697 ext. 4610
(615) 550-8484 (facsimile)
nick.adler@brockandscott.com
*Counsel for Carrington Mortgage Services, LLC, Brock & Scott, PLLC and Christiana Trust, A Division of Wilmington Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-17*

## CERTIFICATE OF SERVICE

The undersigned certifies that a precise copy of the foregoing was filed via the Court's Electronic Case Filing system which automatically sends electronic notice to counsel of record as follows:

Scott D. Johannessen
Law Offices of Scott D. Johannessen
3200 West End Avenue, Suite 500
Nashville, TN 37203

This  19th  day of February, 2014.

*/s/ Nicholas H. Adler*
Nicholas H. Adler

13